# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2755 | **DATE** | 1/27/2003 |
| **CASE TITLE** | Illinois Medical Transportation vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is granted in part. Accordingly, plaintiff's federal equal protection claim is hereby dismissed. The court relinquishes jurisdiction over all the state law claims and those claims are therefore remanded to the Circuit Court of Cook county. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 8/1/03 and trial set for 8/11/03 are also vacated. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 28 2003 date docketed | |
| | Docketing to mail notices. | | 23 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/27/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS MEDICAL TRANSPORTATION )
PROVIDERS ASSOCIATION, )
 )
Plaintiff, )
 )
v. ) No. 02 C 2755
 )
CITY OF CHICAGO; TERRENCE HILLIARD, )
SUPERINTENDENT OF CITY OF CHICAGO )
POLICE DEPARTMENT; and CAROLINE O. )     **DOCKETED**
SCHOENBERGER, COMMISSIONER OF THE )
CITY OF CHICAGO DEPARTMENT OF )           JAN 2 8 2003
CONSUMER SERVICES, )
 )
Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Illinois Medical Transportation Providers Association ("IMTPA"), an Illinois corporation doing business in Illinois, represents persons who provide non-emergency transportation services as subcontractors to the Illinois Department of Human Services and the Illinois Department of Public Aid. IMTPA brought suit against the City of Chicago and various of its departments (collectively "City") complaining that it was treating IMTPA members differently than persons operating vehicles under contract with the Chicago Transit Authority ("CTA") with respect to obtaining vehicle licensing stickers. The City removed the case to federal court, arguing that IMTPA's complaint alleged an equal protection violation under the federal constitution.



Following removal, IMTPA amended its complaint, adding two state law claims.[1] The City now moves to dismiss the entire complaint under Rule 12(b)(6) for failure to state a claim. I grant the motion to dismiss with respect to IMTPA's federal claim, and remand all remaining claims to state court.

Analysis

With respect to the federal equal protection claim, unless government action implicates a fundamental right or makes a suspect classification (neither of which have been alleged here), the action is evaluated under the rational basis test. *Maguire v. Thompson*, 957 F.2d 374, 376 (7th Cir. 1992). "When applying the rational basis test, [I] presume the constitutionality of the classification." *Id*. To survive a 12(b)(6) motion to dismiss a claim alleging an equal protection violation (not involving a suspect classification or a fundamental right), "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992). "[A] complaint's conclusionary assertion that [a government] policy is 'without rational basis' is insufficient to overcome the presumption of rationality coupled with [a] readily apparent justification for the

---

[1] One claim alleges that the City licensing requirements conflict with relevant state licensing requirements for non-emergency medical transportation providers; the other claim alleges that the City misapplied its ordinance requiring passenger transportation providers to be licensed.

2

policy." *Id.* The Northern District of Illinois has repeatedly granted 12(b)(6) motions to dismiss an equal protection claim when the government action is rationally related to a legitimate objective. *See McGuire v. City of Chicago,* No. 00 C 8115, 2001 WL 1164129, at *7 (N.D. Ill. Sept. 28, 2001) (collecting cases).

Here, IMTPA alleges that the City requires IMTPA members to obtain a vehicle sticker (which requires various vehicle modifications), while at the same time allows vehicles under contract with the CTA to operate unimpeded in the City. (First Am. Compl. ¶ 32.) Additionally, IMTPA alleges that the City does not enforce Section 9-112-030 of the Chicago Municipal Code (making it unlawful to operate a vehicle for the transportation of passengers for hire without being licensed) against vehicles under contract with the CTA, even when they are not operating under that contract but rather providing subcontract work for the Illinois Department of Human Services and the Illinois Department of Public Aid like IMTPA members. (First Am. Compl. ¶¶ 35, 38.)

The distinction made by the City between IMTPA members and parties under contract with the CTA is justified. The CTA is a regional governmental authority operating in Cook County, not limited to the City of Chicago. The CTA operates in dozens of municipalities outside of Chicago. The Illinois Supreme Court has recognized the difficulty that arises when a regional authority is regulated by a part of that region. *Metro. Sanitary Dist. v. City*

*of Des Plaines,* 347 N.E.2d 716, 718-19 (Ill. 1976) (forbidding city to impose regulation on sewage treatment plant of regional sanitary district of which city was a part). Further, the CTA imposes various requirements on the vehicles with which it contracts that IMTPA acknowledges "are basically the same regulations that the [Chicago] Department of Consumer Services has imposed on [IMTPA member vehicles] before they may be licensed by the [C]ity." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 9.) If the purpose of the licensing requirement is to force non-emergency medical transportation providers to make various modifications to their vehicles, the fact that vehicles under contract with the CTA already have those modifications make the City's exemption of those vehicles from the licensing requirement justified. This is especially true considering the difficulty recognized by the Illinois Supreme Court inherent in a municipality regulating a regional authority.

IMTPA fails to allege facts sufficient to overcome the presumption of rationality coupled with this apparent justification for the policy. As a result, its claim of a federal equal protection violation is dismissed.[2] All other claims in the complaint are state law claims, and my jurisdiction over them is premised on supplemental jurisdiction under 28 U.S.C. § 1367.

---

[2] I do not address here the merits of any state equal protection claim that IMTPA may make.

4

Section 1367(c)(3) permits me to relinquish jurisdiction over supplemental claims if I have dismissed all the claims over which I had original jurisdiction. Relinquishing jurisdiction over supplemental state law claims is the normal course of action when the federal claims are dismissed before trial. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727-28 (1966)); David D. Siegel, *Practice Commentary*, 28 U.S.C.A. § 1367, at 835 (1993). That is exactly the situation here. I am dismissing the only federal claim in IMTPA's complaint prior to trial, and I therefore relinquish jurisdiction over all the state law claims. Those claims are thus remanded to state court.

## Conclusion

Defendants' motion to dismiss is GRANTED with respect to plaintiff's federal equal protection claim; all other claims are REMANDED to state court.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 27, 2003